IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OLIVER DERRICK BROWN,

    Petitioner,

v.                                                CASE NO. 1:06-cv-00051-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Oliver Derrick Brown. The petition is filed on a § 2254 form, but it is clear that Petitioner is a pretrial detainee, and thus, the appropriate avenue for relief is § 2241, not § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (relief under § 2241 is reserved for those instances in which petitioner is not in custody pursuant to state court judgment, such as where pretrial detainee complains that his detention violates Constitution or laws of United States).

Petitioner is being held at the Suwanee County Detention Center, which is located within the Middle District of Florida. He has not paid the filing fee or moved for leave to proceed IFP. *See* Doc. 2.

Because Petitioner is incarcerated at SCDC, the ultimate decision regarding the merits of this petition cannot be made by this Court, as § 2241 petitions may be brought only in the district court for the district in which the inmate is confined. *Fernandez v. United States*, 941 F.2d 1488,

Dockets.Justia.com

1495 (11th Cir.1991).  In *Rumsfeld v. Padilla*, the United States Supreme Court found that "in habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held...." *Rumsfeld v. Padilla*, ____ U.S. ____, 124 S.Ct. 2711, 2718, 159 L.Ed. 2d 513 (2004).  Furthermore, the "plain language of the habeas statute...confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Padilla*, 124 S.Ct. at 2722.

Because Petitioner is now and has been detained in the Middle District, this Court is without jurisdiction to proceed under *Padilla*, and transfer to the appropriate forum for further proceedings is required.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of March, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:06-cv-00051-MP-AK*